# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT P. BENYAMINI,<br><br>   Plaintiff,<br><br>  v.<br><br>SHERIFF DEPUTY L. JOHNSON, et al.,<br><br>   Defendants.<br>_____ / | CASE NO. 1:07-CV-00907-LJO-DLB PC<br><br>**ORDER REQUIRING PLAINTIFF TO FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE EXCESSIVE FORCE CLAIM AGAINST DEFENDANTS JOHNSON AND NEGLEY WITHIN THIRTY DAYS**<br><br>(Doc. 1) |

I. <u>Screening Order</u>

  A. <u>Screening Requirement</u>

  Plaintiff Robert Benyamini ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on June 25, 2007.

  The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

B.      Plaintiff's Claim

The events at issue in the instant action allegedly occurred at the Public Safety Center and Men's Jail in Modesto, California, where plaintiff was detained at the time. Plaintiff names Sheriff Deputy L. Johnson, Deputy Negley, Deputy Braham, Deputy Jacobs, Deputy Debbie Manjuano, Deputy Matrisciano and Sergeant Harper as defendants. Plaintiff alleges excessive force in violation of his constitutional rights, as against the defendants.[1]  Plaintiff is seeking money damages and injunctive relief. Plaintiff also requests the appointment of counsel.

---

[1] It is unclear from plaintiff's complaint whether he was held a pre-trial detainee or a prisoner when the events at issue arose. As will be explained below, if plaintiff was a pre-trial detainee, it is the Due Process Clause of the Fourteenth Amendment that is invoked by his excessive force claim. If plaintiff was a prisoner, the Eighth Amendment prohibition against cruel and unusual punishment applies.

2

Plaintiff alleges that on August 9, 2003, defendant Johnson ordered plaintiff back to his cell near the end of plaintiff's rec period. When plaintiff informed defendant Johnson that he was unable to open his cell door because his hands were full, plaintiff alleges that defendant Johnson began repeatedly hitting plaintiff on his head and chest. Plaintiff alleges that he went limp in order to prevent the attack from escalating. Plaintiff alleges that defendant Johnson proceeded to slam plaintiff to the ground, kneed plaintiff repeatedly in the forehead, and punched plaintiff repeatedly on his skull. Plaintiff alleges that defendant Negley held plaintiff's hands together and began punching plaintiff on his lower back and spine. Plaintiff alleges that Deputy Johnson continued to attack him while defendant Negley held plaintiff's hands back. Plaintiff alleges that the attack did not stop until defendant Matrisciano walked up and warned that the sergeant had arrived. Plaintiff alleges that defendants Matrisciano and Jacobs then picked plaintiff up by his anklets and wristcuffs, and placed plaintiff back in his cell, while defendant Harper aimed a taser at plaintiff. Plaintiff alleges that he continues to suffer ongoing pain as a result of the attack.

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied

in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

The Eighth Amendment's prohibition against cruel and unusual punishment only protects convicted prisoners. Bell v. Wolfish, 441 U.S. 520, 535 (1979); Graham v. Connor, 490 U.S. 386, 395 n.10 (1989). It is the Due Process Clause of the Fourteenth Amendment that protects pre-trial detainees from the use of excessive force. Redman v. County of San Diego, 942 F.2d 1435, 1440 (9th Cir. 1991) (quoting Graham v. Connor at 395 n.10). In resolving a substantive due process claim, courts must balance "'several factors focusing on the reasonableness of the officers' actions given the circumstances.'" White v. Roper, 901 F.2d 1501, 1507 (9th Cir.1990) (quoting Smith v. City of Fontana, 818 F.2d 1411, 1417 (9th Cir. 1987) (overruled on other grounds)). In the White case, the Ninth Circuit articulated four factors that courts should consider in resolving a due process claim alleging excessive force. The factors are (1) the need for the application of force, (2) the relationship between the need and the amount of force that was used, (3) the extent of the injury inflicted, and (4) whether force was applied in a good faith effort to maintain and restore discipline. White at 1507.

Under federal notice pleading standards, plaintiff's allegations are sufficient to state a claim against defendants Johnson and Negley for use of excessive force. Fed. R. Civ. P. 8(a); Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512-15 (2002); Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004); Jackson v. Carey, 353 F.3d 750, 754 (9th Cir. 2003); Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125-26 (9th Cir. 2002).

However, plaintiff's allegation that defendants Matrisciano and Jacobs returned plaintiff to his cell while defendant Harper aimed a taser at him falls short of stating a claim. To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and

(2) the defendant deprived him of rights secured by the Constitution or federal law. <u>Long v. County of Los Angeles</u>, 442 F.3d 1178, 1185 (9th Cir. 2006). An officer can be held liable for failing to intercede only if he had a "realistic opportunity" to intercede. <u>Cunningham v. Gates</u>, 229 F.3d 1271, 1289 (9th Cir. 2000). Plaintiff has alleged no facts that would support a claim against defendants Matrisciano, Jacobs, and Harper.

Further, plaintiff's complaint is devoid of any facts sufficient to support a claim against defendants Braham and Manjuano. Plaintiff names them as defendants but provides no facts whatsoever to demonstrate that either defendants Braham or Manjuano were involved in the altercation, or that they deprived plaintiff of any right secured by the Constitution or federal law. Plaintiff fails to state a claim as against them.

II.     <u>Plaintiff's Request for Appointment of Counsel</u>

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases.

In the present case, the court does not find the required exceptional circumstances. <u>See</u> <u>Rand</u>, 113 F.3d at 1525. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Therefore, plaintiff's request for the appointment of counsel shall be denied.

III..    <u>Conclusion</u>

Plaintiff's complaint states a claim against defendant Johnson and Negley for violating his constitutional rights through use of excessive physical force. However, plaintiff's complaint does not state any other claims upon which relief may be granted under section 1983. The court will provide plaintiff with the opportunity to file an amended complaint, if plaintiff wishes to do so.

If plaintiff does not wish to file an amended complaint and wishes to proceed against defendants Johnson and Negley on his excessive force claim only, plaintiff may so notify the court in writing. The court will then issue Findings and Recommendations recommending that the remaining claims and defendants be dismissed from this action, and will forward plaintiff two summons and two USM-285 forms to fill out and return to the court. Upon receipt of these documents, the court will direct the United States Marshal to initiate service of process on defendants Johnson and Negley.

In the event that plaintiff does wish to amend his complaint, plaintiff is advised Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, plaintiff must either:

   a. File an amended complaint curing the deficiencies identified by the court in this order, or

   b. Notify the court in writing that he does not wish to file an amended complaint and wishes to proceed only against defendants Johnson and Negley on his excessive force claim;

3. If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order; and

4. Plaintiff's request for the appointment of counsel is HEREBY DENIED.

IT IS SO ORDERED.

Dated: **March 27, 2008**           /s/ **Dennis L. Beck**
                                           UNITED STATES MAGISTRATE JUDGE