IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT P. BENYAMINI                           1:07-cv-00907-LJO-DLB (PC)

        Plaintiff,                          FINDINGS AND RECOMMENDATION TO
                                            DISMISS CASE FOR FAILURE TO OBEY A
        vs.                                 COURT ORDER

L. JOHNSON, et al,                            OBJECTIONS, IF ANY, DUE IN 30 DAYS

        Defendants.

_____/

      On March 28, 2008, the court issued an order requiring plaintiff to file an amended complaint

curing the deficiencies identified by the court, or notify the court in writing that he wishes to proceed

on the cognizable claims only, within thirty (30) days.  (Doc. 9).  The thirty (30)-day period has now

expired, and plaintiff has not responded to the court's order.[1]

      Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local

Rules or with any order of the Court may be grounds for the imposition by the Court of any and all

---

[1] On May 5, 2008 plaintiff filed a motion to halt all further proceedings, on the grounds that he had not yet filed documents indicating whether he consents or declines Magistrate Judge jurisdiction. (Doc. 10). Plaintiff's motion was denied on May 15, 2008 (Doc. 11).  Plaintiff's motion was not responsive to the court's order filed March 28, 2008.

–1–

sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262;

1 Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The court's order expressly stated:  "If

2 plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court

3 order."  Thus, plaintiff had adequate warning that dismissal would result from his noncompliance

4 with the court's order.

5       Accordingly, the court HEREBY RECOMMENDS that this action be dismissed based on

6 plaintiff's failure to obey the court's order of March 28, 2008.

7       These findings and recommendations are submitted to the United States District Judge

8 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days

9 after being served with these findings and recommendations, plaintiff may file written objections

10 with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings

11 and Recommendations."  The parties are advised that failure to file objections within the specified

12 time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th

13 Cir. 1991).

14       IT IS SO ORDERED.

15   **Dated:**   **May 22, 2008**         **/s/ Dennis L. Beck**

16                         UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26