# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROBERT BENYAMINI,

        Plaintiff,

   v.

L. JOHNSON, et al.,

        Defendants.

CASE NO. 1:07-cv-00907-LJO-DLB PC

FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED

(Docs. 7, 8)

OBJECTION DUE WITHIN THIRTY DAYS

      Plaintiff Robert Benyamini ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was filed on June 25, 2007. Pursuant to the court's order of March 28, 2008, plaintiff is required to file an amended complaint or notify the court of his willingness to proceed on the cognizable claims. On May 27, 2008, plaintiff sought an extension of time to comply with the court's order, which was granted in a separate order.

      On October 22, 2007, and January 28, 2008, plaintiff filed motions seeking a court order requiring the warden to allow him to purchase and possess a word processor. (Docs. 7, 8).

      The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious

questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. "A federal court may issue an injunction *if* it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may *not* attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

In this instance, the events at issue in this action arose while plaintiff was incarcerated at the Public Safety Center and Men's Jail in Modesto, California. (Doc. 1.) Plaintiff is currently housed at California State Prison-Sacramento and the orders sought are aimed at remedying his current conditions of confinement at that prison. The court does not jurisdiction in this action to issue the orders sought, as the case or controversy requirement cannot be met in light of the fact that the issues plaintiff seeks to remedy in his motions bear no relation to the past events at the Public Safety Center and Men's Jail giving rise to this suit.

Therefore, the court HEREBY RECOMMENDS that plaintiff's motions for preliminary injunctive relief, filed October 22, 2007, and January 28, 2008, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's

1  Findings and Recommendations." Plaintiff is advised that failure to file objections within the
2  specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d
3  1153 (9th Cir. 1991).

5      IT IS SO ORDERED.

6      **Dated:**  **June 16, 2008**              **/s/ Dennis L. Beck**
                                                         UNITED STATES MAGISTRATE JUDGE