# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT P. BENYAMINI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>L. JOHNSON, et al.,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　/ | CASE NO. 1:07-cv-00907-LJO DLB PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(Doc. 26) |

**I.　Procedural Background**

Plaintiff Robert P. Benyamini is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On March 2, 2009, Plaintiff filed a motion requesting that the Court halt all further proceedings in this action. (Doc. 24.) Plaintiff argued that there was no legal right to force him to proceed in this action, and that a "halt" to all proceedings was required because 1) he had not yet submitted the consent/decline to Magistrate Judge jurisdiction form and this action could not proceed until the form was submitted; 2) he was in Ad/Seg and did not have physical access to the law library; 3) he suffers from a neurological disorder (claustrophobia) and cannot concentrate, read or think "much at all" while in a cell or cage;  4) he is currently in Ad/Seg and does not know when he will be released; and 5) he states that the librarian has filled out a form acknowledging his disability.  Plaintiff requested a halt to the proceedings until he is appointed counsel or removed from Ad/Seg.[1]

---

[1] Plaintiff's motion for appointment of counsel, filed February 24, 2009, was denied by order filed March 3, 2009.  (Docs. 22, 23.)

1

On April 13, 2009, the Magistrate Judge issued an order denying Plaintiff's motion. The order stated that "Plaintiff has not demonstrated sufficient reason to stay this action and his motion is denied." As the deadline for completion and return of service documents from Plaintiff was pending, the Magistrate Judge granted Plaintiff thirty days from the date of service of the order to complete and return the documents. Plaintiff was also advised that further extensions would be granted only with a showing of good cause.

Now pending before the Court is Plaintiff's motion for reconsideration of the Magistrate Judge's order denying a "halt" of all further proceedings. Plaintiff argues that he has not yet consented to Magistrate Judge jurisdiction and therefore the Magistrate Judge cannot "act upon [the] case past the screening process". (Doc. 26, p.1.) Plaintiff accuses that the Magistrate Judge is "over litigating" and "prejudicial litigating". (Id. at pp. 2-3.) Plaintiff also complains of health problems (*e.g.*, his neurological disorder, chest pains, and the stress and psychological torture caused by the Court), as well as difficulties with correctional staff. Plaintiff therefore requests that the Court reconsider its order and halt all proceedings until he submits the consent/decline form.

**II.     Motion for Reconsideration**

The Court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-6 (9th Cir. 1988). Nor is reconsideration to be used to ask the Court to rethink what it has already thought. United States v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D.Ariz.1998). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983), en banc. To succeed, a party must set forth facts or law of a strongly convincing nature to induce

the court to reverse its prior decision.  See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds 828 F.2d 514 (9th Cir. 1987).  When filing a motion for reconsideration, Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

Plaintiff was previously informed that this matter was referred to the Magistrate Judge pursuant to 28 U.S.C. §636 and Local Rule 72-302, and as the Court's Order filed May 15, 2008 explained:

> If all parties consent to Magistrate Judge jurisdiction, the case will be reassigned to the Magistrate Judge and the Magistrate Judge will decide all further matters. If a party declines Magistrate Judge jurisdiction, the District Judge will resolve all dispositive matters and conduct the trial, if there is one. However, a party's decision to consent to or decline Magistrate Judge jurisdiction has no effect on the referral of a case to a Magistrate Judge, made pursuant to section 636 and Local Rule 72-302, for non-dispositive matters and for the issuance of Findings and Recommendations on dispositive motions.  (Doc. 11)

Contrary to Plaintiff's assertions, a motion to halt proceedings is not a dispositive matter.  Plaintiff's argument that the Magistrate Judge exceeded his authority by addressing the motion to halt proceedings is without merit and the motion for reconsideration is DENIED.

The Court will grant Plaintiff an additional thirty (30) days to complete and submit the service documents.  The documents are due no later than thirty (30) days from the date of service of this order.  No extensions of time will be granted absent a showing of good cause.

Failure to comply with this order may result in the dismissal of this action for failure to prosecute and/or failure to obey a court order.

IT IS SO ORDERED.

**Dated:   June 17, 2009**              /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE