# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT P. BENYAMINI, | Case No. 1:07-cv-00907-LJO-DLB (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO HALT AND MOTION TO STAY PROCEEDINGS |
| v. | |
| L. JOHNSON, et al., | (Docs. 28, 29) |
| Defendants. | 30-DAY EXTENSION OF TIME TO COMPLETE AND SUBMIT SERVICE DOCUMENTS |

Plaintiff Robert P. Benyamini ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On February 10, 2009, the Court found service of Plaintiff's first amended complaint appropriate and forwarded service documents for Plaintiff to complete and return within thirty days. (Doc. 21.)  On March 2, 2009, Plaintiff moved to stay the proceedings. (Doc. 24.)  On April 13, 2009, the Court denied Plaintiff's motion to stay. (Doc. 25.)  On April 27, 2009, Plaintiff filed a motion for reconsideration of the undersigned's order. (Doc. 26.)  On June 17, 2009, the District Judge assigned to this action denied Plaintiff's motion and granted Plaintiff a thirty day extension of time to complete return of the service documents. (Doc. 27.)

On June 24, 2009, Plaintiff filed a motion to halt the proceedings and disagreed with the undersigned's duties as a magistrate judge. (Doc. 28.)  On October 26, 2009, Plaintiff filed a motion to stay the proceedings, citing several health issues. (Doc. 29.)

1


**I.     Plaintiff's June 24, 2009 Motion**

Plaintiff's June 24, 2009 motion complains of being assaulted by other inmates, not receiving his property after a cell transfer, and being involuntarily medicated with psychotropic medication for his claustrophobia. Plaintiff also complains of any action taken by a magistrate judge assigned to this case. Plaintiff seeks a stay of the proceedings until he can be appointed counsel and his mental health has improved.

As to Plaintiff's request for counsel, Plaintiff's request is denied at this time. As stated previously, Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S. Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. Id.

Plaintiff's issues regarding magistrate judge action have no merit. Pursuant to 28 U.S.C. § 636(b) and Local Rule 72-302, a magistrate judge may hear and determine any pretrial matter pending before the Court, except for certain dispositive issues, none of which are before the

Court at the moment.

Because Plaintiff will receive an extension of thirty days within which to complete and submit service documents, Plaintiff's other reasons for a stay of the proceedings are disregarded as moot. Plaintiff's June 24, 2009 motion is accordingly DENIED.

## II.      Plaintiff's October 26, 2009 Motion

Plaintiff's October 26, 2009 motion seeks a stay of the proceedings because of Plaintiff's physical and mental health issues. Plaintiff's claustrophobia led to being involuntarily medicated, which resulted in Plaintiff being very drowsy. Plaintiff complains of carpal tunnel syndrome, and that he is awaiting gall bladder surgery. Plaintiff also requests appointment of counsel, which is denied at this time as stated above.

A stay of the proceedings does not appear necessary at this time. Instead, the Court will grant Plaintiff a thirty day extension of time within which to complete and submit the service documents. If Plaintiff needs further extensions of time, Plaintiff may renew his request in the future if necessary.

Accordingly, Plaintiff's October 26, 2009 motion is DENIED. Plaintiff is granted **thirty (30) days** from the date of service of this order within which to complete and submit the service documents.

IT IS SO ORDERED.

Dated:    **November 2, 2009**                    **/s/ Dennis L. Beck**
                                                                        UNITED STATES MAGISTRATE JUDGE

3