# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT P. BENYAMINI, | CASE NO. 1:07-cv-00907-LJO-DLB PC |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | (Docs. 33, 34) |
| L. JOHNSON, et al., | |
| Defendants. | |

### Order

Plaintiff Robert P. Benyamini ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). On April 16, 2010, the Magistrate Judge assigned to this action denied Plaintiff's motion for appointment of counsel. Pending before the Court is Plaintiff's motion for reconsideration, filed May 20, 2010. (Doc. 33.) On May 26, 2010, Plaintiff filed supplemental exhibits in support of his motion for reconsideration. (Doc. 34.)

**I.  Legal Standard**

The court has discretion to reconsider and vacate a prior order. *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994); *United States v. Nutri-cology, Inc.*, 982 F.2d 394, 396 (9th Cir. 1992). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-6 (9th Cir. 1988). Nor is reconsideration to be used to ask the court to rethink what it has already thought. *United States v. Rezzonico*, 32 F. Supp. 2d

1

1112, 1116 (D. Ariz.1998).  "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *U.S. v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).

Motions to reconsider are committed to the discretion of the trial court. *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987); *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *affirmed in part and reversed in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

This Court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  As such, the court may only set aside those portions of a Magistrate Judge's order that are either clearly erroneous or contrary to law.  Fed. R. Civ. P. 72(a); *see also Grimes v. City and County of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991) (discovery sanctions are non-dispositive pretrial matters that are reviewed for clear error under Rule 72(a)).  "Under this standard of review, a magistrate's order is 'clearly erroneous' if, after considering all of the evidence, the district court is left with the definite and firm conviction that a mistake has been committed, and the order is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Yent v. Baca*, 2002 WL 32810316, at *2 (C.D. Cal. 2002).  "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes*, 951 F.2d at 241.  A district court is able to overturn a magistrate judge's ruling "'only if the district court is left with the definite and firm conviction that a mistake has been made.'" *Computer Economics, Inc. v. Gartner Group, Inc.*, 50 F.Supp.2d 980, 983 (S.D. Cal. 1999) (quoting *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)).

**II.     Analysis**

Plaintiff repeats the same arguments he raised in his motion to compel.  Plaintiff contends that (1) he is on forced medication for his claustrophobia disability; (2) the medication makes

1  him have dizzy spells and double vision; and (3) he is not well-versed in the law, and it would be
2  a due process violation to not grant him counsel. (Mot. Reconsideration 1-2.)
3     Plaintiff's arguments are unpersuasive. There is no constitutional right to the appointment
4  of counsel. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997). In certain exceptional
5  circumstances, the Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. §
6  1915(e)(1). In determining whether "exceptional circumstances exist, the district court must
7  evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to
8  articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal
9  quotation marks and citations omitted).
10     Even if it is assumed that Plaintiff is not well-versed in the law, and that he has made
11  serious allegations which, if proved, would entitle him to relief, his case is not exceptional.
12  Plaintiff suffering dizzy spells and double vision may be inconvenient, but it does not appear to
13  severely impede Plaintiff's to articulate his claims. Plaintiff being involuntarily medicated does
14  not demonstrate that Plaintiff is unable to adequately articulate his claims. The Court cannot
15  make a determination that Plaintiff is likely to succeed on the merits at this time. Plaintiff was
16  ordered to complete and return service documents for the United States Marshal to effect service,
17  which does not require any legal research. Plaintiff has not complied, and instead filed motions
18  for counsel and for stay of proceedings. Plaintiff has raised no arguments that indicate the
19  Magistrate Judge's order was clearly erroneous or contrary to law.
20     Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for
21  reconsideration, filed May 20, 2010, is DENIED.
22     IT IS SO ORDERED.
23  **Dated:   May 28, 2010**          /s/ Lawrence J. O'Neill
                                              UNITED STATES DISTRICT JUDGE