# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| ROBERT P. BENYAMINI, | CASE NO. 1:07-CV-00907-LJO-DLB (PC) |
|---|---|
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO OBEY A COURT ORDER |
| v. | |
| L. JOHNSON, et al., | (ECF NO. 32) |
| Defendants. | OBJECTIONS DUE WITHIN 20 DAYS |

**Findings and Recommendations**

Plaintiff Robert P. Benyamini ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On April 16, 2010, the Court issued an order requiring Plaintiff to submit service documents for the United States Marshal to effect service of process. (ECF No. 32.) Plaintiff has failed to comply or otherwise respond to this order.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik*

1

*v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

      In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424. Plaintiff was warned that "[t]he failure to comply with this order will result in a recommendation that this action be dismissed for failure to obey a court order." This constitutes sufficient consideration of alternatives.

      Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED based on Plaintiff's failure to obey the Court's order of April 16, 2010.

      These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty**

1  **(20) days** after being served with these Findings and Recommendations, the parties may file
2  written objections with the court.  Such a document should be captioned "Objections to
3  Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file
4  objections within the specified time may waive the right to appeal the District Court's order.
5  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
6       IT IS SO ORDERED.
7       Dated:   **June 30, 2010**                    /s/ **Dennis L. Beck**
                                                UNITED STATES MAGISTRATE JUDGE